UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI
CIVIL ACTION NO. 10-75-HJW

KELLY FAGIN, et al.                                                         PLAINTIFFS

V.

OXFORD OB/GYN                                                              DEFENDANT

## MEMORANDUM ORDER

Plaintiffs' motion to strike defendant's reply to plaintiff's response to defendant's motion for summary judgment [Doc. 27] has been referred to the undersigned by the presiding district judge.  Doc. 28.  For the following reasons, the motion to strike will be denied.

This case involves plaintiffs' claims for sexual harassment and retaliation against defendant, plaintiffs' former employer.  Defendant contends plaintiffs were terminated due to attendance problems.  Defendant filed a motion for summary judgment, to which plaintiffs responded.  Plaintiffs' response contains an allegation that Shelly Tuley, defendant's office manager, falsified or altered plaintiffs' time and attendance records.  Defendant then filed a reply brief, attached to which was a declaration of Tuley and several employee time reports.  Plaintiffs then filed the pending motion to strike defendant's reply brief because Tuley's declaration was new evidence, which plaintiffs contend may not be submitted in a reply brief.  Plaintiffs did not seek leave to file a sur-reply.

LR 7.2, which governs when evidence may be used to support a reply brief, provides in pertinent part that:

> When proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence. Evidence

1

> used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memoranda in opposition.

Though plaintiffs argue LR 7.2 bars the usage of new evidence in a reply brief, the plain language of the rule does not contain such a bar.

Indeed, when faced with a similar argument, the Eastern Division of this Court held that "District courts are not automatically obliged to strike movants' submission of new evidence on reply, even if the submissions consist of facts already available to the parties." *Evans v. Board of Educ. Southwestern City School Dist.*, 2010 WL 1849273, at *4 (S.D. Ohio April 29, 2010). Thus, "[t]he Court may allow the submission [of new evidence] . . . if-as Local Rule 7.2(d) requires-it is limited to facts intended to rebut Plaintiffs' specific allegation in the opposition to summary judgment." *Id.* (internal quotation marks omitted).  Other courts in this circuit likewise have permitted the usage of rebuttal affidavits in a reply if the affidavits merely respond to matters placed in issue by the opposition brief and do not raise new reasons to grant summary judgment. *See, e.g., Omega Cable & Comm., Inc. v. Time Warner, Inc.*, 2008 WL 163613, at * 1 (N.D. Ohio Jan. 16, 2008); *Memphis Publishing Co. v. Newspaper Guild of Memphis, Local 33091*, 2005 WL 3263878 (W.D. Tenn. Nov. 30, 2005).

Plaintiffs' direct allegation that Tuley falsified their timesheets first appeared in their brief opposing defendant's motion for summary judgment.  Accordingly, defendant was permitted to respond to that new allegation in its reply brief.  In addition, striking the entire reply brief would be an overly drastic remedy since only a portion of the brief refers to the timesheet falsification allegation.  The motion to strike thus should be denied.

For the foregoing reasons, it is **ORDERED**:

Plaintiffs' motion to strike [Doc. 27] is **denied**.

This the 24th day of May, 2011.                    s/ J. Gregory Wehrman
                                                           J. Gregory Wehrman
                                                           United States Magistrate Judge